IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-349-KDB-DCK

| | |
|---|---|
| LINDA JANE SINEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 15) and "Defendant's Motion For Summary Judgment" (Document No. 19). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment be <u>denied</u>; that "Defendant's Motion For Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.     BACKGROUND

Plaintiff Linda Jane Sineath ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). On or about July 26, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning June 22, 2018. (Transcript of the Record of Proceedings ("Tr.")  12, 175-80). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about November 15, 2018, and again

after reconsideration on or about January 24, 2019. (Tr. 12, 100, 108). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Though you would be unable to meet the functional demands of your past job as a Customer Service Representative as you have described it, other information shows that you retain the functional capacity to meet the functional demands of this job as it is generally performed. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 108).

Plaintiff filed a timely written request for a hearing on or about February 28, 2019. (Tr. 12, 116-17). On December 17, 2019, Plaintiff appeared and testified at a hearing before Administrative Law Judge Gregory M. Wilson (the "ALJ"). (Tr. 12, 28-67). In addition, Allison Shipp, a vocational expert ("VE"), and Plaintiff's representative Jim Toms, Christopher S. Stepp's legal assistant, appeared at the hearing. Id. See also (Document No. 16, p. 2).

The ALJ issued an unfavorable decision on February 14, 2020, denying Plaintiff's claim. (Tr. 12-22). On April 13, 2020, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 23, 2020. (Tr. 1-6, 171-174). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 25, 2020. (Document No. 1). On December 2, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 15) and "Brief Of Plaintiff In Support Of Her Social Security Appeal" (Document No. 16) were filed September 1, 2021; and

2

the "Defendant's Motion For Summary Judgment" (Document No. 19) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 20) were filed November 30, 2021. Plaintiff's "Reply To The Brief Of The Defendant In This Civil Action" (Document No. 21) was filed on December 14, 2021.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Kenneth D. Bell is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability

3

determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between June 22, 2018, and the date of the decision.[1] (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 22, 2018, the alleged disability onset date. (Tr. 14). At the second step, the ALJ found that left shoulder pain, "right shoulder rotator cuff status post surgery," and left and right knee pain were severe impairments.[2] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff retained the capacity to perform

> sedentary work activity as defined in 20 CFR 404.1567(a) except she can lift and/or carry 10 pounds frequently and can life and/or carry 10 pounds occasionally. The claimant can stand and/or walk

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> for 2 hours in an 8-hour workday and can sit for 6 hours in an 8-hour workday. The claimant can frequently push and/or pull with all extremities. She can never climb ladders, ropes or scaffolds. The claimant can frequently stoop and can occasionally climb ramps and stairs, balance, kneel, crouch and crawl. She can occasionally overhead reach and must avoid concentrated exposure to unprotected heights and dangerous machinery.

(Tr. 17). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id. at pp. 17-18.

At the fourth step, the ALJ held that Plaintiff could perform past relevant work as a medical receptionist. (Tr. 21). In addition, the ALJ made an alternative finding under Step 5 that "there are other jobs that exist in significant numbers" Plaintiff can perform. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between June 22, 2018, and the date of the decision, February 14, 2020. (Tr. 22).

Plaintiff on appeal to this Court presents one assignment of error: the ALJ "failed to provide in his adverse decision an accurate and logical bridge between the evidence presented and the conclusion that the claimant's testified limitations are not supported." (Document No. 16, p. 9).

**Plaintiff's RFC**

Plaintiff contends "the uncontradicted testimony of the Plaintiff and her husband reveal[s] that the Plaintiff suffers from debilitating pain throughout the day, and has never recovered her capacity to return to the workplace since her last shoulder surgery." Id. Plaintiff further contends "the specific functional limitations of the Plaintiff that require her to remain essentially reclining during a great part of the day were not discussed at all by ALJ Wilson in his adverse decision." Id. at pp. 9-10. Plaintiff argues that "[i]n his first hypothetical question, ALJ Wilson did not

6

Case 1:20-cv-00349-KDB-DCK    Document 22    Filed 07/21/22    Page 6 of 12

include…the limitations to which the claimant and her husband testified at the hearing" and "made no specific credibility determination regarding the testimony of the Plaintiff and her husband." (Document No. 16, p. 10). Plaintiff suggests "that the ALJ failed to thus consider all of the relevant evidence," "failed to conduct a function-by-function analysis," and "failed to connect specific record evidence to the pertinent legal standards when arriving at an RFC determination…." Id.

Defendant responds that "substantial evidence supports, and the ALJ properly explained, the ALJ's RFC finding." (Document No. 20, p. 4). Defendant points to the ALJ's summary of the hearing testimony, which references Plaintiff's description of her pain as well as her husband's testimony that she "sit[s] in a recliner or stays in bed most of the day." (Document No. 20, p. 4) (citing Tr. 18, 38-40, 45, 55, 61-62). Defendant notes that "Plaintiff identifies no error or deficiency in the ALJ's evaluation" of Plaintiff's second right-shoulder surgery, which "Plaintiff emphasizes…as the precipitating event of her alleged disability[.]" (Document No. 20, p. 5). Defendant further notes that "in July 2018, Plaintiff was assessed as having made excellent progress with passive range of motion, with diminishing trigger-point tenderness" and "[i]n August 2018, Plaintiff reported that her shoulder had improved since the last visit, that she was doing physical therapy twice per week, and that she felt that she was making good progress." Id. (citing Tr. 18-19, 306, 308-09, 313). Defendant also notes that "[i]n September 2018, Plaintiff's pain medication had been discontinued, she had appropriate range of motion in the right shoulder, neurological examination was normal, her hand and elbow were normal, and she was assessed as doing very well." Id. (citing Tr. 19, 451).

Regarding Plaintiff's testimony that her kidney disease "prevents [her] from taking any NSAIDs or anything" for her pain, Defendant argues "Plaintiff's inability to take NSAIDs does not mean that she could not, or did not, take other pain medication." (Tr. 38); (Document No. 20,

7

p. 7). Defendant notes that Plaintiff references taking pain pills and receiving pain medication from her doctor multiple times in the same testimony and that the record also contains evidence of Plaintiff taking pain medication in 2019. (Document No. 20, p.7) (citing Tr. 40, 51, 52, 502).

Defendant asserts that "[d]espite Plaintiff's improvement and the normal or benign exam findings…the ALJ 'determined that restrictions are warranted[.]'" (Document No. 20, p. 6) (citing Tr. 17, 19). Defendant contends that the ALJ supported his conclusions by evaluating the persuasiveness of Dr. Wall's medical opinion regarding the severity of Plaintiff's impairments. Id. (citing Tr. 19, 421, 423). Defendant also notes that the ALJ additionally "found…the combined effect of Plaintiff's impairments 'create[d] synergies necessitating a more restrictive [RFC] than if considering the impairments individually.'" Id. (citing Tr. 19). Defendant argues that "[a]s the ALJ also discussed, his RFC finding generally is consistent with, and supported by, the prior administrative findings of the State-agency medical consultants." (Document No. 20, p. 7) (citing Tr. 20, 75-78, 92-95).

Defendant also argues that "Plaintiff cites no medical evidence to support her allegation of hurting all over 80 percent of every day." Id. Defendant notes that "although Plaintiff assumed that fibromyalgia was the source of her pain…she does not specifically challenge the ALJ's findings that back pain and fibromyalgia were not medically determinable or severe impairments." Id. (citing Tr. 15, 39). Defendant asserts that "a claimant, like Plaintiff, does not satisfy her burden merely by alleging functional limitations, unsubstantiated by the record, and arguing that the ALJ has failed to disprove them." (Document No. 20, p. 9). Defendant argues that "[e]ven if Plaintiff were thought to have 'put forward conflicting evidence with respect to which reasonable minds could differ, deference to the ALJ's judgment is required.'" Id. (citing Durham v. Saul, No. 3.20-CV-295-KDB, 2021 WL 1700353, at *5 (W.D.N.C. Apr. 29, 2021)).

8

Defendant concludes that "[t]he ALJ's RFC finding, like the ALJ's decision as a whole, is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'" and that "the ALJ cleared the 'not high' threshold for substantial evidence." (Document No. 20, p. 10) (citing Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019)).

In reply, Plaintiff asserts again that the ALJ "failed to conduct a function-by-function analysis of the functional limitations regarding which the Plaintiff and her husband testified at the hearing" and that he "made no specific [credibility] determination regarding" this testimony. (Document No. 21, p. 1). Plaintiff

> thus suggest[s] that [the ALJ] failed to follow the requirement set out in Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), and failed to connect specific record evidence to the pertinent legal standards when arriving at an RFC determination, as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)."

Id.

In this case, the undersigned finds that the ALJ's explanation is sufficiently thorough and supported by substantial evidence.

The ALJ acknowledged Plaintiff's testimony, noting that

> [a]t the hearing, [Plaintiff] testified that she has pain in her shoulders, back and both knees. [Plaintiff] testified that she had left knee replacement and still has swelling. She further testified that she is unable to take medication due to chronic kidney disease, stage III. [Plaintiff] testified that she has never been treated for back problems, other than for pain. She further testified that she is not on medication for chronic kidney disease. [Plaintiff's] husband testified that he does the cooking, cleaning, and laundry because his wife is unable to do it anymore. The husband further testified that [Plaintiff] sit[s] in a recliner or stays in bed most of the day.

(Tr. 18).

The ALJ then concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and

9

other evidence in the record for the reasons explained in [his] decision." (Tr. 18). As Defendant notes, the ALJ referred to evidence of Plaintiff's "excellent progress" and other improvements following her shoulder surgery. (Tr. 18-19) (citing Tr. 306, 308, 313). Despite these reflections of improvement in the record, the ALJ still "determined that restrictions [were] warranted." (Tr. 19).

The ALJ went on to evaluate the results of Plaintiff's consultative examination, "which revealed no edema, cyanosis or atrophy in the extremities, with 3-4/5 strength in the upper extremities and overall muscle strength at 4/5." Id. The ALJ also notes evidence of "only mild pain in both knees within the last month," "no gait abnormality," and "no acute fracture o[r] dislocation" demonstrated by X-rays of the left shoulder. Id. (citing Tr. 423).

The ALJ also found "that the combined effects of all of [Plaintiff's] impairments…create synergies necessitating a more restrictive residual functional capacity than if considering the impairments individually." Id. Specifically, the ALJ explained his findings

> that the combined effects of all of [Plaintiff's] impairments limit the claimant to lifting 10 pounds occasionally, and less than 10 pounds frequently, standing and walking two of eight hours and sitting six of eight hours. Based on [Plaintiff's] upper extremity impairments and obesity [the ALJ] limited [Plaintiff] to occasional overhead reaching. Again, based on the combined effects of all of the claimant's impairments [the ALJ] restricted [Plaintiff] with respect to ropes, ladders, scaffolds and hazards. Based on the combined effects of [Plaintiff's] knees and obesity [Plaintiff] was restricted with respect to ramps, stairs, balancing, stooping, kneeling, crouching and crawling. The reduction to sedentary work as provided above reasonably accounts of limitations imposed by obesity in combination with [her] other impairments.

(Tr. 19). The ALJ also evaluated the persuasiveness of medical opinions in the record with respect to Plaintiff's symptoms, including their consistency with the evidence as a whole. (Tr. 20).

10

The undersigned notes that in both the initial brief in support of her motion and her reply brief, Plaintiff mentions she is "closely approaching retirement age." (Document No. 16, p. 10); (Document No. 21, p. 2) (citing Tr. p. 21). However, Defendant persuasively argues that "Plaintiff does not explain how her age is relevant to her alleged disability in general or to her assignment of error in particular" and that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived…." (Document No. 20, p. 9) (citing Duckworth v. Berryhill, No. 5:15-CV-129-RLV, 2017 WL 1528757, at *5 (W.D.N.C. Apr. 26, 2017)). In any event, the ALJ decision clearly acknowledged Plaintiff's age. See (Tr. 21).

Overall, the undersigned finds that the ALJ sufficiently explained his rationale in arriving at each functional limitation or lack thereof. Regarding Plaintiff's specific assignment of error, the ALJ cited an array of evidence in the record indicating Plaintiff's symptoms were improving or otherwise moderate as part of his rationale for determining that the hearing testimony was inconsistent with the record or less than entirely credible. (Tr. 18-20). As such, the undersigned believes the ALJ's decision is sufficiently explained and is supported by substantial evidence as required by law.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 15) be **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 19) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 21, 2022

David C. Keesler
United States Magistrate Judge