IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00349-KDB-DCK

| | |
|---|---|
| LINDA JANE SINEATH,<br><br>    **Plaintiffs,**<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    **Defendant.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment (Doc. No. 15); Defendant's Motion for Summary Judgment (Doc. No. 19); the Memorandum and Recommendation and Order of the Honorable Magistrate Judge David C. Keesler ("M&R") entered July 21, 2022 (Doc. No. 22); Plaintiffs' Objections to the M&R (Doc. No. 23) and the parties' associated briefs and exhibits that have been considered in accordance with this Order.[1]

## I.    LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the

---

[1] Plaintiff's argument in support of her objections to the M&R only very briefly summarizes (in one sentence) her arguments made to the Magistrate Judge, and the Court assumes that Defendant would similarly rely on her prior arguments in response to the objections. Accordingly, the Court can fully consider the merits of Plaintiff's objections on the current record and need not delay its ruling until after Defendant files a response.

1

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

Although Plaintiff has in her objection only summarily repeated the arguments that she made before the Magistrate Judge, the Court has conducted an independent review of the M&R, Plaintiffs' objection, and a *de novo* review of the applicable record. Upon that review, the Court concludes that the recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law. Moreover, the Court is puzzled by Plaintiff's primary reliance on *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) and *Jackson v. Berryhill*, No. 1:18-CV-00003-RJC, 2019 WL 1332377, at *1 (W.D.N.C. Mar. 25, 2019) as authority for her position.

In *Radford*, the issue Plaintiff raises here – the ALJ's alleged failure to sufficiently explain why the ALJ did not fully credit the testimony of the Plaintiff and her husband – was not before the court. Rather, the court simply noted that "[a social security] record should include a discussion of which evidence the ALJ found credible and why, and specific application of the

pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295. This unremarkable general statement of the law does not require more specificity in an ALJ's decision regarding the persuasiveness given to the claimant's testimony than evidenced here. Similarly, while the Court agrees with our learned brother Judge Conrad's statement in *Jackson* that, *in the context of considering the opinion of a treating physician*, "[i]f an ALJ is to discount an opinion, he must provide a clear explanation for doing so and 'build an accurate and logical bridge from the evidence to his conclusion', that the testimony was not creditable," *Jackson*, No. 1:18-CV-00003-RJC, 2019 WL 1332377, at *4, that well-established principle does not require a remand in this case.

In sum, the Court finds, as did the Magistrate Judge, that the ALJ fully considered the testimony of the Plaintiff and her husband and substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled. Therefore, for the reasons fully stated in the M&R, the findings and conclusions of the Magistrate Judge are **ADOPTED,** the Defendant's motion will be **GRANTED**, the Plaintiff's motion will be **DENIED** and the Commissioner's decision will be **AFFIRMED**.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 19) is **GRANTED;**
2. Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED;**
3. The Commissioner's decision is **AFFIRMED**; and
4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Kenneth D. Bell
United States District Judge